IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEREE GIEFING PHENEGAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:08-00158 |
| ) | JUDGE HAYNES |
| DEFENDANT DOE, identified as ) | |
| AMERICAN GENERAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On December 7, 2007, Plaintiff filed this action against AIG Life Holdings ("AIG") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461, originally in the Circuit Court for Davidson County, Tennessee. Plaintiff has never served AIG Life Holdings. On February 19, 2008, AIG Life Holdings filed its Notice of Removal to this Court.

An Initial Case Management Conference was held on April 14, 2008, where AIG's counsel informed Plaintiff's counsel that American General Life and Accident Insurance Company and American International Life Assurance Company of New York were the proper party defendants in this action. AIG's counsel also raised Plaintiff's failure to exhaust her administrative remedies. Plaintiff's counsel lacked sufficient information on the administrative exhaustion question.

The Court reset the Initial Case Management Conference to May 16, 2008, "to give counsel an opportunity to exhaust all of its administrative remedies." (Docket Entry No. 6). On May 15, 2008, the day before the scheduled conference, Plaintiff's counsel filed a motion to continue the conference (hereinafter the "Motion to Continue") (Docket Entry No. 9), stating her

intention, within two weeks, to "amend her complaint in this cause to include the proper defendants, serve the amended complaint, and then voluntarily non-suit the lawsuit to pursue activities consistent with preliminary information provided by defense counsel." Id. at ¶ 3. The Court granted Plaintiff's Motion to Continue by Order dated May 16, 2008. (Docket Entry No. 10). Since then Plaintiff has not pursued this action and the Defendant AIG seeks a dismissal for Plaintiff's failure to prosecute.

None of these actions that Plaintiff's counsel cited have been taken in almost twelve months. Counsel for AIG has previously indicated to Plaintiff that it has been authorized to accept service of process on American General Life and Accident Insurance Company and American International Life Assurance Company of New York for this particular matter.

Failure to serve a complaint within 120 days of its filing requires the dismissal of that complaint without prejudice, unless the plaintiff can show good cause for its failure or unless the court orders service to be made within a specified time. Fed. R. Civ. P. 4(m). Plaintiffs who waited more than half a year to serve a defendant "plainly failed to meet that deadline," and their cause against that defendant was properly dismissed where there was no good cause of the delay. Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 521 (6th Cir. 2006).

Upon review of the record, the Court **GRANTS** AIG's motion to dismiss, but without prejudice as AIG is not the proper party.

This is the Final Order in this action.

It is so **ORDERED.**

**ENTERED** this the 23rd day of June, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge